**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 4, 2016

LETTER TO COUNSEL

      RE:    *Robert Kosisky v. Commissioner, Social Security Administration*;
                  Civil No. SAG-15-2403

Dear Counsel:

      On August 13, 2015, Plaintiff Robert Kosisky petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 16, 18, 19). In addition, I have reviewed the Commissioner's supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Fox v. Colvin*, __ Fed. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015), and the Plaintiff's response thereto.[1] (ECF Nos. 21, 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      Mr. Kosisky filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 11, 2014. (Tr. 186-210). He alleged a disability onset date of June 28, 2012. (Tr. 186, 205). His claims were denied initially and on reconsideration. (Tr. 118-25, 128-31). A hearing was held on March 25, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 31-73). Following the hearing, the ALJ determined that Mr. Kosisky was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-25). The Appeals Council denied Mr. Kosisky's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Kosisky suffered from the severe impairments of esophagitis, hiatal hernia, splenomegaly, hepatitis C, gastritis, diverticulitis, status post-colonic adenoma

---

[1] The parties were notified of the potentially relevant ruling in *Fox* in a letter order dated March 7, 2016. (ECF No. 20). The letter order provided the Commissioner thirty days to determine whether consent remand was required under *Fox*, or whether she instead wished to file supplemental briefing addressing the apparent *Fox* issue. The Commissioner filed her supplemental brief on March 28, 2016, (ECF No. 21), and Mr. Kosisky timely filed his response on April 1, 2016. (ECF No. 22).

*Robert Kosisky v. Commissioner, Social Security Administration*
Civil No. SAG-15-2403
May 4, 2016
Page 2

excision, and osteoarthritis of the hips. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Kosisky retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except; only frequently operate foot controls with both feet; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; would need to avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, and hazardous moving machinery and unprotected heights.

(Tr. 18-19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Kosisky could perform his past relevant work as a photo lab technician. (Tr. 23).

Mr. Kosisky raises two primary arguments on appeal. First, Mr. Kosisky contends that the ALJ failed to properly identify his past relevant work. Second, Mr. Kosisky argues that the ALJ's RFC assessment is unsupported by substantial evidence. Each argument lacks merit and is addressed below.

Turning to Mr. Kosisky's first argument, he asserts that the ALJ failed to properly identify his past relevant work as a photo lab technician. Specifically, Mr. Kosisky contends that his work as a photo lab technician should be classified as seasonal work, and that therefore, his earnings should be averaged over the entire year in determining whether the work constituted substantial gainful activity. In support of his argument that seasonal earnings should be averaged over the entire year, Mr. Kosisky cites Social Security Ruling ("SSR") 83-35. A review of SSR 83-35, however, indicates that the Agency deleted the seasonal work concept from its policy, citing several issues with its implementation and application.[2] Rather, the Agency averages earnings from seasonal work over the months actually worked, just as it does with year-round work, in determining whether the work constitutes substantial gainful activity. *See* SSR 83-35, Example B (discussing a claimant who completed seasonal work from April to August whose earnings were averaged over the number of months he worked, rather than the entire year). Accordingly, the ALJ properly averaged Mr. Kosisky's earnings as a photo lab technician over the period during which he actually worked, to determine that it constituted substantial gainful activity.

Mr. Kosisky also contends that the ALJ's findings regarding his past relevant work as a photo lab technician were flawed because the VE "never identified the exertional requirements of Plaintiff's past work . . . as actually performed by Plaintiff." Pl. Mem. at 11. Rather, the VE stated that Mr. Kosisky would be able to perform the position of a hand mounter[3] as performed

---

[2] For instance, SSR 83-35 notes that seasonal work had not been defined, that termination of seasonal work was generally unrelated to a claimant's impairments, and that the seasonal work concept gave seasonal workers an advantage over other workers in determining whether their work constituted substantial gainful activity.

[3] The VE testified that Mr. Kosisky's work as a photo lab technician was most closely analogous to the position of hand mounter in the Dictionary of Occupational Titles ("DOT").

according to the DOT. The DOT classifies the position of hand mounter as sedentary, while Mr. Kosisky testified, and the VE acknowledged, that he performed most of his work as a photo lab technician while standing. Accordingly, Mr. Kosisky argues that the ALJ erred in finding that he was capable of performing his work as a photo lab technician, since he could not perform the job as he actually, previously performed it. Pursuant to SSR 82-62, however, "The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" SSR 82-62 also notes that an ALJ may consult supplementary or corroborative sources, including the DOT, to determine the requirements of a job as generally performed in the economy. Thus, I find no error in the ALJ's reliance on the VE's testimony that Mr. Kosisky was capable of performing his past relevant work as a photo lab technician as it is generally performed in the national economy.

Mr. Kosisky next argues that the ALJ's RFC assessment was unsupported by substantial evidence. In particular, Mr. Kosisky contends that the ALJ did not adequately consider the limitations caused by diverticulitis, including his "constant diarrhea, which requires frequent use of the restroom." Pl. Mem. at 15 (citing (Tr. 17)). Mr. Kosisky asserts that the Fourth Circuit's ruling in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), "constituted a change of controlling law, because it require[d] the ALJ to articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." Pl. Mem. at 16.

The Fourth Circuit remanded *Mascio* for three distinct reasons, including, as relevant to this case, language in the ALJ's decision indicating that he improperly determined the claimant's RFC before determining the credibility of her allegations. 780 F.3d at 639-40. In so holding, the Fourth Circuit explained that the ALJ "chose to credit some, but not all, of her statements," and that a lack of such explanation required remand. *Id.* The Fourth Circuit emphasized that the ALJ's analysis amounted to no more than the "vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [the claimant's] residual functional capacity." *Id.*

In the instant case, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 19). The ALJ further stated that he found Mr. Kosisky's allegations "only partially credible, and accord[ed] his statements and reports modest weight." (Tr. 21). In discussing Mr. Kosisky's credibility regarding his gastrointestinal impairments, the ALJ found that Mr. Kosisky's treatment was "essentially routine and/or conservative in nature." (Tr. 21). He also noted that Mr. Kosisky was not hospitalized for any of his severe impairments, that he had "no acute problems or issues with his liver" despite his hepatitis C diagnosis, and that his abdominal examinations throughout the record had been normal. *Id.* Additionally, the ALJ cited Mr. Kosisky's testimony that he takes Zofran for vomiting, and that the medication is effective. (Tr. 22). The ALJ also noted that despite Mr. Kosisky's testimony that he experiences excessive

vomiting, he also testified that he had not run out of his initial prescription of Zofran in the almost year and a half span prior to his hearing. *Id.*

Mr. Kosisky argues that the ALJ erred by not including any limitation related to his allegedly "constant diarrhea," and by not specifically discrediting his statement that he requires additional bathroom breaks during the work day. A review of the ALJ's decision demonstrates that, unlike in *Mascio,* the ALJ properly weighed Mr. Kosisky's credibility before making findings of his RFC. While the ALJ addressed Mr. Kosisky's credibility regarding many of his gastrointestinal impairments and symptoms, he did not directly address the credibility of Mr. Kosisky's allegation that he needs additional bathroom breaks. (Tr. 19). While this omission alone may not be cause for remand, since the ALJ's decision is being remanded on other grounds, the ALJ should specifically address the credibility of Mr. Kosisky's statement that he requires additional bathroom breaks.

In addition to Mr. Kosisky's arguments, I have also considered the impact of the Fourth Circuit's recent ruling in *Fox v. Colvin*, __ Fed. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015). In *Fox*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's finding of whether any of a claimant's impairments meets a listing at step three of the sequential evaluation. To understand why remand is warranted, some background is useful. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments that the Agency "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). Listings 1.00 *et. seq.* through Listings 11.00, *et. seq.*, Listings 13.00 *et. seq.*, and Listings 14.00 *et. seq.*, pertain to physical impairments. Each physical impairment listing contains a set of signs or objective medical findings which must be present for the claimant's impairment to meet the listing.

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:

> Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations. (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

2015 WL 9204287 at *4. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013)). That is, the ALJ did not apply any findings or medical evidence to the disability listing and "offered nothing to reveal *why* he was making his decision." *Radford*,

734 F.3d at 295 (emphasis in original). The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. 2015 WL 9204287, at *4. Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* at *4-*5. The Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.* at *4.

Turning to the instant case, at step three, the ALJ found that, "The claimant's gastrointestinal impairments, separately and in combination, have been considered under section 5.00 of the listings, for the digestive system, and do not meet or medically equal a listed impairment."[4] (Tr. 18). The ALJ did not provide further discussion of the requirements of any of the listed impairments in section 5.00. The Commissioner argues that the step three findings in Mr. Kosisky's case regarding section 5.00 of the listings are distinguishable from the step three findings in *Fox*, and that remand would be "a waste of time" because the decision is otherwise "'overwhelmingly supported by the record.'" (ECF No. 21 at 2) (quoting *Bishop v. Colvin*, 583 F. App'x 65, 67 (4th Cir. 2014)). Further, the Commissioner argues that the Fourth Circuit's decision in *Fox* and an analogous case, *Brown v. Colvin*, No. 14-2106, 2016 WL 502918, at *2 (4th Cir. Feb. 9, 2016), were predicated on "unresolved conflict[s] of evidence within the factual circumstances of [those] case[s]." (ECF No. 21 at 2). In addition, the Commissioner argues that *Brown* implicitly holds that a decision can be made by this Court without analysis from the ALJ, where the administrative record is otherwise "so one-sided." *Brown*, 2016 WL 502918, at *2. Ultimately, the Commissioner contends that this Court's earlier decisions, misinterpreted *Fox*'s holdings, by precluding review of the entire administrative record, rather than just the evidence cited in the ALJ's opinion.

Each of the Commissioner's arguments require this Court to "review the record and cure the ALJ's deficienc[ies]," which *Fox* explicitly precludes. 2015 WL 9204287 at *4. *Fox* and its progeny make it clear that "it is not our role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* at *5. While the Fourth Circuit noted that "[i]nconsistent evidence abound[ed]" in *Fox*, it did not base its holding on any conflict in the evidence of record. Rather, the Fourth Circuit emphasized that a court is unable to conduct meaningful review where an ALJ fails to provide "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 4 (citing *Radford*, 734 F.3d at 295). Likewise, in *Brown*, the Fourth Circuit explicitly declined "the Commissioner's invitations to review the medical record *de novo* to discover facts to support or refute the ALJ's finding at Step Three," and held that "it was error for the district court to do so." 2016 WL 502918, at *4. While the Fourth Circuit indicated that the record in *Brown* was "not so one-sided that one could clearly decide, without analysis, that Listing 4.04C

---

[4] While the ALJ's discussion of the section 5.00 listings lacked any connection to the requirements of each relevant listing, his discussion of whether Mr. Kosisky met Listing 1.02 was far more thorough. For instance, the ALJ noted that Mr. Kosisky demonstrated no "gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints," among other findings. (Tr. 18)

is not implicated," this was not the Fourth Circuit's only reason for remand. 2016 WL 502918, at *4. Instead, the Fourth Circuit cited *Radford* in remanding the case "to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record so that we can conduct a meaningful judicial review in the event the case returns to us." *Id.* at *5 (citing *Radford*, 734 F.3d at 296).

The Commissioner also cited *Bishop* for the proposition that an ALJ's failure to provide adequate discussion is subject to harmless error review, and that "remand is a waste of time" when a "decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support. . . ." 583 Fed. App'x at 67. Unlike *Fox* and its progeny, *Bishop* discussed the ALJ's analysis of a treating physician's opinion, rather than the requisite discussion of listing requirements at step three. *Bishop* is therefore distinguishable. In addition, *Fox* and *Brown* were both decided after *Bishop*.

In addition, under existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met. *See Huntington v. Apfel,* 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler,* 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel,* 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). While *Fox* provided a new standard for the analysis that must be present after a listing has been identified, it did not alter existing law with respect to the criteria for identifying a listing in the first instance. Because identification of a specific listing indicates that there is ample evidence that the claimant might meet the listing, the ALJ must therefore provide specific reasons, matching the evidence to the listing requirements, to find that the claimant does not meet the listing. Accordingly, here, the ALJ erred in failing to explain his finding that Mr. Kosisky does not meet the section 5.00 listings, and it would be error for me to provide the requisite explanation in his stead. In so holding, I express no opinion as to whether the Commissioner's ultimate finding that Mr. Kosisky was not disabled is, or is not, correct.

For the reasons set forth herein, Mr. Kosisky's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

*Robert Kosisky v. Commissioner, Social Security Administration*
Civil No. SAG-15-2403
May 4, 2016
Page 7

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                            Sincerely yours,

                                                  /s/

                                          Stephanie A. Gallagher
                                          United States Magistrate Judge